**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**ROXANNE ZABNER-WILLIS**                                                     **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 2:04cv229KS-MTP**

**JAMES W. GLADDEN, JR.**                                             **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Motion to Dismiss for Insufficiency of Process and Insufficiency of Service of Process **[#36]** filed on behalf of the defendant. The court, having reviewed the motion, the response, the pleadings and exhibits on file and being fully advised in the premises finds that the motion is not well taken and should be denied. The court specifically finds as follows:

The original complaint in this matter was filed on July 8, 2004. According to the Federal Rules of Civil Procedure, the plaintiff is required to perfect service on the defendant in an action within 120 days of filing the complaint. *See* Fed. R. Civ. P. 4(m). The court is required to grant an extension of time for service upon a showing of good cause but retains the discretion to allow an extension even without such a showing. Regardless of that discretion, the defendant requests the court to revisit the numerous extensions granted in this matter as well as the circumstances surrounding the ultimate service of process.

As stated, the complaint was originally filed on July 8, 2004. However, shortly

thereafter, the plaintiff filed an interlocutory appeal in this matter concerning the severance of this action from two other plaintiffs. During the pendency of that appeal, the plaintiff's first motion for an extension of time to serve was filed April 18, 2005. This was approximately 164 days after process should have originally been served pursuant to Fed. R. Civ. P. 4(m). At that time, the plaintiff claimed she did not serve the defendant because she was unlearned in the law and was proceeding *pro se* and because she thought this was the correct procedure since the case was on appeal.

This motion was ruled on by Magistrate Judge Walker on December 5, 2005, granting an extension until March 15, 2006, to serve the defendant. Judge Walker found that the time for service was tolled during the pendency of the appeal which was dismissed on November 23, 2005. The plaintiff then filed a second motion for extension of time for service on December 6, 2005, which the court subsequently ruled moot based on the court's previous order December 5 Order.

On April 17, 2006, the plaintiff filed another motion for extension of time to serve because she attempted to serve the defendant by certified mail which was returned "Attempted - Not Known." However, as pointed out by the defendant, one may not serve a Mississippi resident with a Mississippi suit by certified mail. *See, Rogers v. Hartford Life and Accident Insurance Company*, 167 F.3d 933 (5th Cir. 1999); and *Triple "C" Transport, Inc. v. Dickens,* 870 So. 2d 1195 (Miss. 2004). Nevertheless, Judge Walker granted the extension allowing the plaintiff thirty days from May 2, 2006, to effect service of process.

The defendant now argues, in response that the extension where the plaintiff asked for time "to locate the defendant" was an attempt to show that defendant was

2

difficult to locate.  The defendant, through affidavit, states that since the complaint was filed, on July 8, 2004, he has continually been practicing law and residing in Hattiesburg, Mississippi.  He further states that his office and residence have been listed in various directories including the Hattiesburg phone book and the Mississippi lawyers directory.  Thus, the defendant asserts, the plaintiff had no good cause for her request for an extension which was granted on May 2, 2006, and that required service to be effected by June 1, 2006.

The defendant was personally served a copy of the complaint on May 22, 2006.  However, no summons was included with the complaint.  On June 5, 2006, the plaintiff requested the Clerk of this court to send a certified copy of the summons to the defendant at the address where he was personally served with the complaint.  Under the Federal Rules of Civil Procedure, this is not a duty of the Clerk of Court so on August 9, 2006, the plaintiff a filed a motion for leave to serve the summons.

Magistrate Judge Parker entered a "Text Only Order" on August 31, 2006, stating that the plaintiff "shall serve summons and complaint upon defendant and file proof of service thereof on or before September 30, 2006."  Judge Parker further stated that "in light of the numerous prior extensions granted plaintiff for service of process, no further extensions will be granted."

The plaintiff served a certified copy of the summons on the defendant on September 28, 2006.  However, no complaint accompanied the summons.  Based on this failure, and the request that the court review the entire course of extensions granted, the defendant has moved to dismiss this action.

It is settled that "[a]lthough *pro se* pleadings are generally held to less stringent

standards, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct.594, 595, 30 L.Ed.2d 652 (1972), a *pro* se plaintiff still must properly serve the defendant. *Kiley v. Kurtz*, 533 F.Supp. 465, 467 (D.Co. 1982)." *Cheek v. Doe*, 110 F.R.D. 420 (N.D. Ill. 1986).

The defendant admits that he was personally served with the complaint and the summons, just not a the same time.  Nevertheless, he first attacks the plaintiff's service of process as untimely in spite of the fact that the court granted numerous extensions within which to serve process.  He asks the court to review the various grants of time extensions by two different Magistrate Judges to determine if each extension was granted for good cause or was otherwise justified.

The court agrees that there is a paucity of support or justification for the various requests for extensions, but those requests were reviewed by the Magistrate Judges who found them meritorious.  Those extensions were granted and the court will not now go behind the reasoning of the Magistrate Judges in granting them.  The plaintiff served the defendant with the complaint and a summons, even though not at the same time, within the extensions of time granted by the court.

The failure of the plaintiff to serve the defendant with a copy of the complaint and summons at the same time as set forth in the "Text" order of Judge Parker is the final argument of the defendant for dismissal of this action.  The rule does provide that "A summons shall be served together with a copy of the complaint."  Rule 4(c)(1), Fed.R.Cvi.P.  The purpose of the summons is to notify the defendant as to who represents the plaintiff, or if the plaintiff is appearing *pro se*, and the time within which the defendant must appear and defend or face default. Rule 4(a), Fed.R.Civ.P.  Of course, a copy of the complaint is required to be served so that the defendant will know

what he is required to defend against.

A summons is not a mere formality but a requirement of the rules in order to begin the running of the necessary time periods which govern and control the course of litigation.  Thus, a defendant cannot be required to appear and defend until he is properly served with the summons and the complaint.[1]  However, the parties have furnished no case which requires that they be served together in spite of the rule's seemingly mandatory "shall be served together" language.  Nor has the court found a case exactly on point with the facts of this unusual case.

Regardless of the foregoing, the defendant request the court to dismiss this action because of the unorthodox method of service.  However, dismissal is not the only option.  Improper or insufficient service presents the court with the quandary of whether the court should simply quash process or dismiss the complaint because "the court may use its discretion not to dismiss the action in those cases in which it is not clear whether proper service has been made; the simplest solution in this situation is to quash process and allow plaintiff another opportunity to serve defendant."   Wright & Miller, Federal Practice and Procedure: Civil 2d Section 1354.

After a through review of this matter, the court finds that the defendant has been properly served with the summons and complaint, even though in an unorthodox manner.  The court, in its discretion can allow amendment of the summons (Rule 4(a), Fed.R.Civ.P.) and finds that same shall be amended to allow the defendant thirty days

---

[1] As an aside, the defendant contends that the plaintiff has also failed to properly file a proof of service of the summons.  However, such is not fatal and "does not affect the validity of the service." Rule 4(*l*), Fed.R.Civ.P.

from the date of this Order to appear and defend this matter.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss for Insufficiency of Process and Insufficiency of Service of Process **[#36]** filed on behalf of the defendant is denied.

IT IS FURTHER ORDERED AND ADJUDGED that the summons issued in this matter is amended to allow the defendant thirty days from the date of this Order to appear and defend.

SO ORDERED AND ADJUDGED this the 18th day of January, 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE